Morris Biberman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Henry N. Fineman,* for appellant.

*Reese Couch,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 7, 1979:

The appellant, Morris Biberman, appeals here from the denial of unemployment compensation benefits under Section 402(b)(2) of the Unemployment Com-

pensation Law[1] (Act), the denial being based upon the finding that he voluntarily terminated his employment because of domestic obligations and circumstances.

The appellant had been employed by the Commonwealth of Pennsylvania for approximately six years as an attorney. During this time he states that he had always worked less than the generally required 7.5 hours per day, but that he was informed by his supervisor in 1977 that he must work that schedule. His wife had become ill, however, and his assistance and services were required at home, so he began to use his vacation and sick time so as to leave early each day and finally voluntarily terminated his employment. When he applied for unemployment compensation benefits, the Bureau of Employment Security found him ineligible under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1) because he had voluntarily quit his employment without cause of a necessitous and compelling nature. The referee and the Unemployment Compensation Board of Review (Board), while affirming his ineligibility, did so on the basis that he had voluntarily terminated his employment for a domestic reason and was therefore ineligible under Section 402(b)(2)(II) of the Act, 43 P.S. §802(b)(2)(II). This appeal followed.

Section 402(b)(2)(II) has recently been held unconstitutional by this Court in *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978).[2] The majority opinion there held that the statute improperly denied domestic quit claimants the opportunity to demonstrate that their termination was for a necessi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(2).

[2] The Supreme Court has granted a Petition for Allowance of Appeal (No. 142 January Term, 1979).

tous and compelling cause. We must therefore reverse the decision of the Board denying benefits to the appellant under Section 402(b)(2) and remand the case for a redetermination of eligibility under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1)-(2).

ORDER

AND Now, this 7th day of May, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the case is remanded to the Board for a redetermination of the appellant's eligibility under Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1).