Joseph E. Shaw, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*R. Charles Thomas,* with him *Bozic, Thomas, Johnson & Truax,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 12, 1979:

Joseph E. Shaw has appealed from an order of the Unemployment Compensation Board of Review which reversed a referee's award of benefits because the Board concluded that Shaw had left his employment without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Shaw was employed for three months as an electrician at Shippingport, Pennsylvania, with a final rate of pay of $11.10 per hour. Shaw voluntarily quit his job on January 3, 1977. During the three-month period that Shaw worked at Shippingport, he resided in Meadville, Pennsylvania, 100 miles from the site of his work, and two hours' driving time was required

to enable him to reach his job. Shaw was informed at the time he was employed that his work would be in Shippingport.

An unemployment compensation claimant who voluntarily leaves his employment has the burden of proving that his action was for a cause of a necessitous and compelling nature. *Remington v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 380, 387 A.2d 1343 (1978). Further, when an employee accepts a position which he later quits, he admits the initial suitability of the position with respect to wages and conditions; and to demonstrate his entitlement to benefits, he must overcome that admission by showing a change in his job conditions or a deception by the employer, making him unaware, when he entered the employment relationship, of conditions which he later alleges to be onerous. *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). Applying this test to this record, we must conclude that, since there was no change in claimant's travel requirements nor any deception by the employer as to such travel obligations, Shaw has failed to meet this burden of proof.

Shaw's reliance upon the case of *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975), is understandable but not controlling here. Although in *Boob* there was a question of transportation inconvenience, the significant distinction is that Boob's vehicle suffered a terminal breakdown and she was unable to obtain another car or commute by public transportation. In the instant case, claimant had available to him the same means of transportation that he had utilized to get to and from work during the three months prior to his quitting work. Transportation inconvenience must present an insurmountable prob-

lem and the burden of proof on this aspect likewise lies with the claimant. *Boob v. Unemployment Compensation Board of Review, supra.*

This is admittedly a close case, since the need to travel 200 miles each day to engage in work surely indicates a serious question as to the suitability of the work. However, when one considers the claimant's hourly wage of $11.10 and the possibility of relocating, in order to retain a well-paying job and to eliminate the transportation problem, we are not persuaded that his job in Shippingport was unsuitable work. Even conceding that Shaw's failure to relocate was reasonable under the circumstances, it does not constitute a necessitous and compelling cause for voluntarily terminating employment such as to allow him to be eligible for unemployment compensation. *Mosley v. Unemployment Compensation Board of Review, supra.*

Accordingly, we make the following

ORDER

AND NOW, this 12th day of October, 1979, the order of the Unemployment Compensation Board of Review, denying benefits to Joseph E. Shaw, is affirmed.