Richard V. Snow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Mark S. Sedley,* with him, *Alan E. Cech,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him, *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., August 20, 1981:
This is an appeal by claimant, Richard V. Snow, from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying claimant unemployment compensation benefits by mandate of Section 402(b)(1) of the Unemployment Compensation Law (Act).[1]
Claimant, Snow, was last employed by R. W. Sidley in Painesville, Ohio, as a mechanic. When claimant accepted the job in Ohio, he and his family resided in Butler, Pennsylvania. There is a distance of approximately one hundred miles between Painesville and claimant's home in Pennsylvania. Due to the great distance and the costs of commuting, claimant made arrangements to live with his uncle in Ohio until such time as he could have his family join him there. Shortly after claimant moved in with his uncle, irreconcilable disputes arose, necessitating claimant's leaving his uncle's home and renting his own living quarters.

As a consequence of claimant's moving to his own apartment, he was forced to maintain two residences until his wife and family moved to Ohio. When claimant's wife refused to relocate herself and their family in Ohio, claimant voluntarily terminated his employment. Claimant stated that discussions between him and his wife concerning their family's relocation had led to heated disagreements, causing a great deal of friction in his marriage. In addition,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended,* 43 P.S. §802(b)(1).

he felt that it was impossible for him to maintain two homes on his salary and impractical for him to commute daily from Butler, Pennsylvania. Claimant quit his job on September 8, 1978, after working for only one month.

Claimant filed an application for unemployment benefits with the Office of Employment Security (Office). The Office issued a determination denying benefits to claimant under Section 402(b)(1) of the Act. The claimant appealed that determination and a referee's hearing was held at which claimant appeared unrepresented. Following the hearing the referee issued a decision affirming that of the Office. The claimant filed a timely appeal from that decision to the Board. The Board, deciding that claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature, affirmed the referee's decision. The Board held that, "Voluntarily terminating one's employment because the claimant's family refuses to relocate with him does not constitute cause of a necessitous and compelling nature for so doing."

Upon obtaining legal counsel, claimant filed a Request for Remand and Reconsideration. Such Request was not timely filed and thus, not granted. Claimant now appeals to this Court.

Claimant advances several arguments in his attempt to persuade us to reverse the Board's decision.

At the outset, claimant alleges that compelling and necessitous reasons existed to justify his voluntarily leaving his employment. In that regard, claimant cites several causes which he deems necessitous and compelling. First, he charges that domestic considerations led to his decision to quit his job. He alleges that marital problems due to his employment situation mandated that he return to his home in Butler, Pennsylvania. In support of his contention,

claimant refers this Court to the case of *Pittsburgh Pipe and Coupling Co. v. Unemployment Compensation Board of Review*, 401 Pa. 501, 165 A.2d 374 (1960). In that case, the Supreme Court of Pennsylvania affirmed the decision of the Superior Court granting claimant benefits, when claimant voluntarily terminated his employment due to family obligations. There, the Board found that the claimant had terminated his employment for a compelling and necessitous reason, that reason being that he was needed, because of his wife's spinal injury, to assist her at the family residence.

This Court has held that the eligibility for unemployment compensation of applicants who terminate their employment for marital, filial, or domestic reasons must be determined under Section 402(b)(1) of the Act. Each claimant must be afforded the opportunity to demonstrate that his termination was for cause of a necessitous and compelling nature. *See Biberman v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 451, 401 A.2d 9 (1979); *Wallace v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978). In the instant case, claimant's domestic circumstances do not rise to the level of a necessitous and compelling reason for his decision to terminate his employment. Here, claimant chose to move back to Pennsylvania because of his wife's refusal to relocate near her husband's place of employment. Claimant was not needed to care for his wife or children as was the case in *Pittsburgh Pipe, Biberman,* and *Wallace.*

Secondly, claimant contends that since he cannot afford to maintain two households, he would have to commute in order to retain his job. The transportation difficulties involved in such a commute, he asserts, justify his quitting his job.

Transportation inconvenience, to constitute a necessitous and compelling cause for terminating employment, must be shown by a party seeking compensation to constitute an insurmountable problem. *Shaw v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979). In *Shaw*, a case somewhat similar to the instant case, the claimant was denied benefits because he accepted his job knowing the terms of hire and the location of the job. There this Court stated:

> This is admittedly a close case, since the need to travel 200 miles each day to engage in work surely indicates a serious question as to the suitability of the work. However, when one considers the claimant's hourly wage of $11.10 and the possibility of relocating, in order to retain a well-paying job and to eliminate the transportation problem, we are not persuaded that his job in Shippingport was unsuitable work. *Even conceding that Shaw's failure to relocate was reasonable under the circumstances, it does not constitute a necessitous and compelling cause for voluntarily terminating employment such as to allow him to be eligible for unemployment compensation.*
> (Emphasis added.)

*Id.* at 455, 406 A.2d at 609.

Thus, it is eminently clear, under the *Shaw* case, that claimant's potential commuting dilemma did not amount to cause of a necessitous and compelling nature so as to entitle him to the collection of unemployment benefits.

Thirdly, claimant avers that since he was not engaged in suitable employment, he was not obligated to preserve that employment. He argues that the conditions which originally made his employment possible ceased to exist when he was forced to rent

his own apartment and when his family refused to relocate. We find this argument to be meritless and unsupported by the evidence. It is well-established law that one who voluntarily accepts a job admits to its initial suitability, and to argue successfully that the employment is now so unsuitable as to be a compelling cause for leaving, the employee must prove that the employment conditions have changed or that he was deceived as to or unaware of such conditions when he entered the employment. *Mosley v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). The concept of a "change in working conditions" has been interpreted by this Court to connote a substantial unilateral alteration in the provisions of the employment agreement. *See Milsop v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 468, 405 A.2d 1017 (1979). That expression has not been expanded to include situations which arise beyond the scope of the contract of hire. Therefore, a modification in one's own *personal* living arrangements or sleeping accommodations is not within the purview of the phrase "change in working conditions" so as to constitute a compelling cause for terminating one's employment. Here, claimant Snow's acceptance of his job constituted an admission of its suitability. Moreover, claimant's assertion with respect to his accommodation problem does not establish a compelling cause for his leaving his employment. It is patently obvious from our discussions in the foregoing paragraphs that the instant claimant has not demonstrated the existence of compelling and necessitous reasons for voluntarily terminating his employment.

Claimant goes on to assert that his due process rights were violated because of the referee's failure to advise him of his right to be represented by an

attorney. We are cognizant of the recent case of *Unemployment Compensation Board of Review v. Ceja,* Pa. , 427 A.2d 631 (1981), proclaiming that a referee must advise an uncounseled claimant of his right to have an attorney. We conclude, however, that in the instant case the referee's omission was not prejudicial to the claimant. In that regard, claimant was freely permitted to testify and present his arguments in full. The facts of this case are not in dispute and were clearly and concisely presented to the referee by the claimant. Claimant additionally avers that he was denied a full and impartial hearing due to the referee's lack of assistance in aiding him to develop a complete record of the evidence in this case. Specifically, claimant contends that the referee did not help him to emphasize important aspects of his case which might have resulted in the granting of benefits to him. We are not in agreement with claimant's contention. It is our opinion that the instant claimant received a full and fair hearing. The referee is not required to advise a party on evidentiary questions or specific points of law. *Simpson v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978).

Finally, claimant argues that the Act violates the equal protection clause of the United States Constitution by requiring a claimant to show compelling and necessitous circumstances when terminating his employment for domestic reasons, yet requiring only a showing of good cause for refusing an offer of suitable employment for the same reason. That same issue was raised in the case of *Unemployment Compensation Board of Review v. Jenkins,* 23 Pa. Commonwealth Ct. 127, 350 A.2d 447 (1976), and there rejected. Accordingly, claimant's argument must fail here.

For the reasons stated above, we must affirm the decision of the Board, denying claimant benefits.

ORDER

AND Now, the 20th day of August, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-165716, denying claimant benefits, is affirmed.