Henry A. Coogler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Theodore A. Tenor,* for petitioner.

*Charles Hasson,* Associate Counsel, for respondent, Unemployment Compensation Board of Review.

*R. James Reynolds, Jr., Pepper, Hamilton & Scheetz,* of counsel: *Charles W. Muller,* for respondent, The Equitable Life Assurance Society of the United States.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 5, 1982:

Henry A. Coogler appeals an Unemployment Compensation Board of Review order denying him benefits. We affirm.

Coogler, an insurance agent with Equitable Life Assurance Society, entered into an employment contract under which his only remuneration would be commissions. The Board affirmed a referee's decision which held that Coogler had insufficient earnings, under Section 404 of the Unemployment Compensation Law,[1] to qualify for benefits. We agree.

Our scope of review where the party with the burden of proof has not prevailed before the Board is limited to a determination of whether the findings of the Board can be sustained without a capricious disregard of competent evidence. *Dennis v. Unemployment Com-*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804.

*pensation Board of Review,* 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980).

The referee's decision was based on the conclusion that Section 4(1)(4)(17)[2] of the Act specifically excludes from the definition of employment:

(17) Service performed by an individual for an employer as an insurance agent ... if all such service performed by such individual for such employer is performed for remuneration solely by way of commission. ....

The Board concluded that Section 4(1)(4)(17) applied because Coogler had entered into an employment contract with Equitable which called for remuneration by way of full commission rather than on a salary basis. Based on this contractural change the Board held that the amounts earned during the third and fourth quarters of the base year were not includible in computing eligibility for benefits because they were not "wages" under Section 4(x).[3] Coogler was found to be ineligible because he had insufficient base year wages under Section 404.

Coogler contends that the amounts which the Board refused to include in computing his eligibility are indeed "wages" because he was an employee under his employer's control. He asserts that he meets the test enunciated in *Unemployment Compensation Board of Review v. Kessler,* 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976), alleging that he (1) had a definite assignment of territory, (2) had a prescribed number of interviews to be made within a designated time period, (3) had required attendance at sales meetings and (4) was required to file regular progress reports. Thus, he argues that he was under the control of his employer and employed in the second and third quar-

[2] 43 P.S. §753.
[3] 43 P.S. §753(x).

ters of the base year, so that the amounts earned in these quarters should be included in computing eligibility. We must disagree. Coogler's contract with Equitable creates no employer-employee relationship. Coogler's territory is not limited; he is not required to attend meetings or issue reports nor is he required to make a prescribed number of interviews within a designated time frame.

The findings of the Board are based on substantial evidence. Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-189292 dated October 31, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.