William H. Dietz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*William H. Proctor,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 25, 1983:

Our Unemployment Compensation Board of Review affirmed the referee's denial of benefits to William Dietz under Section 402(b)(1) of the Unemployment Compensation Law.[1] He appealed; we affirm.

Dietz last worked as an over-the-road truck driver. On July 30, 1979, upon his return from a trip, he reported certain mechanical problems and the employer's mechanic garaged the truck for necessary repairs.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature. . . .

Thereafter, Dietz neither reported to work nor contacted his employer or his dispatcher. On August 13, 1979, the employer offered him work using another truck.[2] Dietz refused the work. On August 21, 1979, he reported to his dispatcher and returned the employer's credit cards.

The initial burden of proving a right to unemployment compensation rests with the claimant, *Wincek v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 201, 439 A.2d 890 (1982), and our scope of review where the party having that burden has not prevailed before the Board is limited to a determination of whether the findings of the Board can be sustained without a capricious disregard of competent evidence. *Coogler v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 456, 440 A.2d 692 (1982).

Dietz admits making no attempt to contact the employer from July 30th to August 20th. Moreover, there is nothing in the record to justify his persistent refusal to accept any driving assignment. The Board found that Dietz, by failing to contact the employer between July 30th and August 20th and refusing to accept work on August 13th, abandoned the employer-employee relationship and that renders him ineligible for benefits under Section 402(b)(1). In these circumstances, the Board has not capriciously disregarded competent evidence.

Affirmed.

### ORDER

The Order of the Unemployment Compensation Board of Review, No. B-179760, dated January 14, 1980, is hereby affirmed.

---

[2] The record indicates that it was a normal procedure for one driver to drive another's assigned truck once permission had been given.