William O. Cardwell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Stephen R. Krone,* for petitioner.

*Michael Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 16, 1983:

Before this Court is an appeal by William O. Cardwell (Claimant) from a decision and order of the Unemployment Compensation Board of Review denying

him benefits on the grounds that he voluntarily terminated his employment without cause of a necessitous and compelling nature. *See* Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. §802(b).

Claimant, who lives in a house trailer in Elizabethtown, Pennsylvania, accepted a job as an iron worker in Atlantic City, New Jersey which paid him $13.00 per hour. Because of the particular nature of his occupation, Claimant is what is known in the construction trade as a "boomer." A "boomer" is a member of a national union who obtains work through local unions after the members of the local are accounted for. Accordingly, a "boomer" often accepts jobs involving a great deal of travel. In the case at bar, Claimant worked the Atlantic City job for approximately five weeks. He quit, however, at that time, allegedly on the grounds that a daily commute of 170 miles each way from Elizabethtown was unworkable and that the daily cost of staying in Atlantic City ($16 a night for a room, $15 a day for meals and $5 a day for parking) was too expensive in view of the fact that he was not working full time. Claimant also claims to have explored the options of sleeping in his truck and moving his house trailer to Atlantic City but found neither to be an adequate solution. Claimant applied for unemployment compensation but benefits were denied on the basis of the Board's findings that Claimant's job required traveling and that he refused to move his house trailer because of the cost. The appeal to this Court followed.

To be eligible for unemployment compensation, a claimant who has quit his job voluntarily must meet the burden of establishing that his action was for cause of a necessitous and compelling nature. *Shaw*

*v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979). Where, as here, the party with the burden of proof has not prevailed, this Court's scope of review is to determine whether findings of fact are consistent with each other and with the conclusions of law and whether there has been a capricious disregard of competent evidence. *Cicco v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 309, 432 A.2d 1162 (1981).

Claimant's appeal is that the Board capriciously disregarded evidence of his good faith efforts to retain his job and that its conclusion that he is ineligible is in error as a matter of law pursuant to decisions such as *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982). Specifically, he points to his testimony concerning the total cost of staying in Atlantic City, the part-time nature of his work, that his expenses were higher than anticipated because of Atlantic City being a resort and that he decided not to move his house trailer not because of cost, but rather because of the unavailability of sites where it could be located and the legal complications involved in moving interstate.

Unfortunately for Claimant, even accepting what he alleges as fact, he has failed to establish eligibility as a matter of law. *Treon* is readily distinguishable. It involved an individual who accepted work locally without the knowledge that his employer's next job site might be a substantial distance away and who elected not to move. In the case at bar, the transient nature of Claimant's profession was firmly established. He testified himself that he would go anywhere in the United States to work. Therefore, his acceptance of such work effectively admits its initial suitability with respect to wages *and conditions* and

the only way a claimant can overcome such an admission is to show a change in his job conditions or a deception by the employer which causes him to be unaware of conditions at the time he accepts the job which later become onerous. *Shaw.* Here Claimant has proved neither and we must affirm the denial of benefits.

## ORDER

Now, September 16, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-198198-B, dated April 28, 1983, is hereby affirmed.