540 A.2d 983

Davis Cookie Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 17, 1988, to President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Avrum Levicoff, Egler, Anstandig & Garrett,* for petitioner.

*Peter C. Layman,* Deputy Chief Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BLATT, April 29, 1988:

The Davis Cookie Company, Inc. (Davis) petitions for review of a decision and order of the Unemployment Compensation Board of Review (Board) granting benefits to John H. Conley (claimant).

In a prior unreported opinion, *John H. Conley v. Unemployment Compensation Board of Review,* (No. 220 C.D. 1985, filed June 5, 1987), we determined as a matter of law that the claimant, who worked as a salesman, *was* an employee for Davis. This determination was made because the referee specifically found that the claimant had a definite territory, was required to submit reports and attend meetings, was precluded from engaging in any other business, and was under the control and supervision of Davis. *Id.* The matter, however, was remanded to the Board for further findings. Specifically, we asked for factual findings as to whether or not the petitioner was given credit on his account for his deliveries to large stores, and whether or not such credit would constitute covered wages. We further directed that, "[i]f the Board should determine that the petitioner was given credit on his account for such deliveries and that it did constitute covered wages, the Board must then determine whether or not such coverage would convert all remuneration to covered wages." In footnote seven to our prior opinion we noted that "[t]he total remuneration alleged by the petitioner includes profits from the sales of Davis Cookies to small stores, credit on his account for deliveries to large stores, and a Christmas bonus given by Davis."

In response to our instructions on remand, the Board returned the following pertinent findings of fact:

1. The claimant was last employed by Davis Cookie Company, Inc., Rimersburg, Pennsylvania, for approximately thirty years, as a salesman on a percentage basis and his last day of work was August 17, 1984.

2. Under the terms of that arrangement, claimant purchased products from Davis and resold the product to retail outlets at a price designated and controlled by Davis.

3. Claimant was paid the difference between the price he paid Davis for the product and the price he received from the retail outlets less his expenses, and, was given a credit on his account for goods delivered by claimant to stores which paid Davis directly.

4. Claimant was also paid a Christmas bonus.

. . . .

12. Claimant's income from the sale of Davis products constituted his only source of income since 1954.

Based upon these findings of fact, the Board concluded in the discussion section of its opinion that:

The record in the instant case shows claimant received as wages the difference between the amount he paid Davis for its product and the price he received from the stores for these products, and a credit on his account for products he delivered to stores which paid Davis directly. Since claimant is getting reimbursed directly by the employer, all remuneration received by claimant from his employer, the difference between the amount he paid Davis and the price he received from the stores, the credit on his account, and the Christmas bonus, must be considered wages and used to determine claimant's weekly benefit rate.

Davis contends here that the Board erred when it determined that the claimant was paid "wages" by two methods[1]: 1) by being given a credit on his account for

---

[1] We note that Davis does *not* argue here that the Board in any way erred when it determined that the Christmas bonus paid to the claimant constituted "wages" under Section 4(x) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(x).

goods which he delivered to and placed in large stores which paid Davis directly, and 2) by being permitted to retain his share of the monies he collected from sales of Davis' products to small stores. For the reasons which follow, we disagree with his contention. We agree with the Board that the claimant was paid "wages" as that term is defined under Section 4(x) of the Law.[2]

Section 4(x) of the Law defines "wages" in pertinent part as "all remuneration . . . paid by an employer to an individual with respect to his employment. . . ." With regard to the first method of remuneration (*i.e.*, the credit given to the claimant's accounts), Davis argues that the credits were not "wages" as defined by Section 4(x) of the Law because Davis was a mere conduit "funneling the profits" from sales to large stores to the claimant. In support of this argument, it cites *Unemployment Compensation Board of Review v. Churchill Valley Country Club,* 19 Pa. Commonwealth Ct. 430, 338 A.2d 738 (1975) wherein this Court stated:

> [G]ratuities or tips cannot be considered as wages when they pass directly from a patron to a claimant or when the employer is merely a direct *funnel* for such tips or gratuities from a patron to a claimant. When, however, the tip is in actuality a service charge of the employer, or when an employer exercises *significant control* over the administration of the tip, thereby preventing a claimant from receiving all that she or

---

Nevertheless, we believe that, based upon the record before us, the Board was correct in making such a determination.

[2] Our scope of review in employment compensation cases is limited to determining whether or not constitutional rights have been violated, an error of law has been committed or necessary findings of fact are unsupported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

he was in fact tipped, such gratuities must be included in a claimant's computation of wages for benefits.

*Id.* at 435, 436, 338 A.2d at 741 (footnote omitted, emphasis added). We believe, however, that Davis' reliance upon *Churchill* is misplaced. Our review of the record here convinces us that Davis was *not* a mere conduit, but, rather, that it exercised *significant control* over the monies the claimant received in the form of credits. The record testimony from both the claimant and the employer's witness, David Davis, reveals that Davis set a "fixed price" for the retail sale of its goods, which in turn established the percentage commission which each salesman would receive on the sale of these goods. We believe, therefore, that the Board's finding that the claimant received credits paid by his employer is supported by substantial record evidence. Moreover, such a finding supports the legal conclusion that the credits received by the claimant were in fact "wages" pursuant to Section 4(x) of the Law.

Finally, we must determine whether or not the claimant's share of the monies he collected for Davis from sales of Davis' products to small stores constitutes "wages", pursuant to Section 4(x) of the Law. Davis argues that the claimant's share cannot be regarded as "wages" because it was not "paid by the employer." Our review of the record with regard to this issue, however, indicates that the same price-setting procedure utilized by Davis in the "credit" method described above was also implemented by Davis when salesmen collected directly from the smaller stores (*i.e.,* Davis fixed the retail price of their goods, thereby establishing the fixed commission rate for their salesmen.) Inasmuch as the claimant has been designated an employee under the *control* of Davis as a matter of law and had *no* control over the price for which he could sell Davis products,

we believe that such commissions received by him on sales to small stores were properly designated by the Board as "wages" as that term is defined in Section 4(x) of the Law. *See Coogler v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 456, 440 A.2d 692 (1982) (where this Court determined that the commissions received by a claimant were *not* includable in computing eligibility for benefits because, unlike the case *sub judice,* they were not "wages" earned while the claimant was under the *control* of the employer).

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 29th day of April, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.