560 A.2d 922

**Darren J. THOMAS, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Bradley W. PEARSON, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Timothy L. BRADLEY, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Scottie K. EDDY, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Richard J. HAGADONE, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

**Logan M. WESTON, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 24 and April 28, 1989.

Decided June 22, 1989.

60

Gerald Sullivan, Northwestern Legal Services, Meadville, for petitioner.

Clifford F. Blaze, Depty. Chief Counsel, Harrisburg, Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

CRUMLISH, Jr., President Judge.

Darren Thomas, Bradley Pearson, Timothy Bradley, Scottie Eddy, Richard Hagadone and Logan Weston, petitioners, respectively appeal six Unemployment Compensation Board of Review orders, each of which affirmed the referee and denied benefits. Section 402(b) of the Unemployment Compensation Law; 43 P.S. § 802(b).[1] We affirm.

Petitioners were employed by Hazlett Tree Service (Hazlett), clearing tree limbs from utility power lines. Hazlett's work sites are by nature temporary and petitioners had each been required to travel long distances to various job sites. When petitioners were assigned to a new, more distant work site, they refused and terminated their employment. Both the referee and the Board determined that petitioners voluntarily quit without cause of a necessitous and compelling nature.

█ Petitioners initially contend that by deleting certain of the referee's fact findings in several of its decision, the

---

**1.** Petitioners Thomas and Bradley were afforded individual hearings and separately appealed to the Board and ultimately to this Court. The remaining petitioners proceeded collectively before the Unemployment Compensation authorities and upon motion, these six cases were consolidated for review by Order of this Court dated February 27, 1989.

Board disregarded essential fact findings based on uncontradicted testimony in violation of our Supreme Court's holding in *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982). The Board responds that *Treon* is distinguishable because, there, the Board deleted a key fact-finding *reversing* the referee's decision. In this case, the Board maintains it has merely omitted nonessential findings in affirming the referee's conclusions that petitioners did not have necessitous and compelling cause to quit. While we find no authority in *Treon* limiting its application to Board *reversals* of a referee's decision, considerations of materiality and weight arise when the Board exercises its role as ultimate fact finder. Here, the Board has not disregarded uncontradicted findings on petitioners' commuting problem but in its conclusion has given greater weight to the findings that they failed to investigate the possibility of temporary lodgings at the job site [2] or arrange for car-pooling with other employees.

Petitioners further argue that, contrary to the Board's findings of fact, they were not aware that the job would require extensive travel to various job sites. Regardless of whether the extent of traveling was stated at the time of Pearson's hire, Petitioners' lengthy employment with Hazlett [3] indicates that they had acknowledged and acquiesced in these employment conditions. *See Cardwell v. Unemployment Compensation Board of Review,* 77 Pa.Commonwealth Ct. 210, 465 A.2d 145 (1983). The testimony of Hazlett's witness, further establishes the temporary and transient nature of Hazlett's business by indicating that a

**2.** Thomas also argues that the Board's Finding of Fact No. 13 that he did not look into the possibility of staying in the work site area is incomplete and indefinite. The only testimony Thomas cites to demonstrate this alleged deficiency is his own *estimation* that the cheapest hotel in the area would cost $20 per night, N.T., 6/23/88, p. 6. Thus, he does not directly refute the Board's finding. In light of our limited scope of review, *see Szostek v. Unemployment Compensation Board of Review,* 116 Pa.Commonwealth Ct. 7, 541 A.2d 48 (1988), we cannot say that this finding is unsupported by substantial evidence.

**3.** Petitioners had each worked for Hazlett for anywhere from three to six years.

particular job could begin at one location and end fifty to 100 miles away and that carpooling was available.[4]

 Petitioners assert that the Board failed to make findings essential to determining whether the increased commuting distance represented an insurmountable obstacle to continued employment. *Quality Building Services, Inc. v. Unemployment Compensation Board of Review*, 90 Pa.Commonwealth Ct. 495, 498 A.2d 1 (1985).[5] The Board concedes that it did not make these precise inquiries but counters that *Quality Building Services* does not apply because the job relocation here was not permanent. We agree with the Board.

In *Quality Building Services*, an employee refused a reassignment *for an indefinite duration* to a work site twenty miles farther from her home. Petitioners' job, on the other hand, by its nature involved temporary assignment to numerous locations. Therefore, the strict application of the factors delineated in *Quality Building Services* is not required. Moreover, a review of the Board's decision indicates that it adequately considered factors such as driving time, distance and alternative accommodations in each of these cases.[6]

 Lastly, petitioners contend that the increased traveling time and distance, corresponding costs, and the disrup-

**4.** Pearson maintains that his crew was the first to be assigned to the distant new site and that none of the other members of that crew intended to carpool but instead would temporarily relocate. We conclude, however, that the Board's finding on this issue is supported by the testimony that other employees, assigned to the site soon thereafter, did make use of carpooling. Pearson did not demonstrate that he attempted to make arrangements with these employees or show that it was otherwise not feasible.

**5.** In that case, we remanded for findings as to (1) the increased traveling time resulting from the longer commute, (2) additional expense, (3) the availability of reimbursement for such expense from the employer, and (4) alternative means of transportation.

**6.** Petitioners also contend that the Board failed to make a finding of fact as to Hazlett's discontinuance of its layoff policy of laying off employees between job assignments. However, petitioners have not preserved this issue by failing to raise it before the Board. *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981).

tive effect on their families constitute, as a matter of law, necessitous and compelling cause. We disagree. Transportation inconvenience may justify a voluntary quit only if it presents an insurmountable barrier to further employment despite an employee's reasonable effort to remedy it. *Frable v. Unemployment Compensation Board of Review*, 53 Pa.Commonwealth Ct. 137, 416 A.2d 1164 (1980). Petitioners had heretofore been required to travel to various job sites which, because of the character of utility power lines, extend over long distances.

 Petitioners, who have the burden to demonstrate necessitous and compelling cause to quit, *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa. Commonwealth Ct. 499, 542 A.2d 207 (1988), have failed to show that the distance to the new work site is so out of proportion to the original travel conditions as to constitute a material change necessitating their quit. *Cardwell* (five-week assignment involving one-way commute of 170 miles not necessitous and compelling cause). *Stratford v. Unemployment Compensation Board of Review*, 78 Pa.Commonwealth Ct. 54, 466 A.2d 1119 (1983) (three to four week assignment to location eighty-seven miles away.)

Accordingly, we affirm.

## ORDER

The Unemployment Compensation Board of Review order No. B–268699 dated September 19, 1988, is affirmed.

## ORDER

The decision of the Unemployment Compensation Board of Review, No. B–267442–B, dated October 5, 1988, is affirmed.

## ORDER

The Unemployment Compensation Board of Review order, No. B–269494 dated October 27, 1988, is affirmed.

## ORDER

The Unemployment Compensation Board of Review, order, No. B–269496 dated October 27, 1988, is affirmed.

## ORDER

The Unemployment Compensation Board of Review order, B–269495 dated October 27, 1988, is affirmed.

## ORDER

The Unemployment Compensation Board of Review order, No. B–269493 dated October 27, 1988, is affirmed.