Susan Katz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

428

*John L. Walder,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 3, 1981:

Susan Katz has apealed from an order of the Unemployment Compensation Appeal Board upholding the decision of a referee that she voluntarily left her employment without cause of necessitous and compelling nature and was therefore ineligible for benefits. She argues on the merits of the case that there is not substantial evidence supporting the finding of the compensation authorities that she left work only as the result of a clash of personalities with her supervisor. We do not decide the merits because Ms. Katz also complains that the hearing, at which she was without counsel, was unfair because the referee failed to advise her of her rights to be represented by counsel, to offer witnesses and to cross-examine adverse witnesses.

A rule of procedure of the Department of Labor and Industry governing unemployment compensation

hearings at Part VI of 34 Pa. Code §101.21(a) provides:

> In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

In *Paoloco v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 214, 309 A.2d 594 (1973) this court held that, while it might be advisable for referees to advise uncounseled claimants of their rights to counsel, to cross-examine and to offer witnesses, a fair hearing was not denied for his failure to do so. Although the ruling we here make is inconsistent with that holding and although a written notice sent to claimants, including Ms. Katz, tells them of these rights, we are nevertheless constrained to reverse the order below and to remand the record to the Board for a new evidentiary hearing at which the claimant, if uncounseled, shall be notified of her right to have counsel, to cross-examine adverse witnesses and to offer witnesses in her behalf. We are persuaded to this action by the declaration in dictum of Mr. Justice KAUFFMAN in *Unemployment Compensation Board of Review v. Ceja,* Pa. , , 427 A.2d 631, 643 (1981) that fairness, and the regulation just cited, require that "[a]t the very least, the referee must advise an uncounseled claimant of her right to have an attorney, to offer witnesses and to cross-examine adverse witnesses." While of the five justices other than Mr. Justice KAUFFMAN who participated in *Ceja,* two concurred in the result only and the remaining three wrote, or concurred in concurring opinions relating to the principal subject of the opin-

ion, none of the other justices indicated any disagreement with the dictum just mentioned or with Mr. Justice KAUFFMAN's express overruling of *Paoloco*.

Order reversed; remanded for new hearing consistent with this opinion.

### ORDER

AND Now, this 3rd day of June, 1981, the order of the Board denying benefits to Susan Katz is reversed and the record remanded for a new hearing consistent with this opinion.