Lenny E. Vitko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Richard J. Russell,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, November 16, 1981:

Lenny E. Vitko (claimant) has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's decision which denied him trade readjustment allowance benefits because he was disqualified for unemployment compensation pursuant to Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a), for his failure, without good cause, to apply for suitable work. We vacate and remand.

The claimant contends that he had good cause to refuse to report for an employment interview with the United States Postal Service because the job concerned was unsuitable. We do not decide the merits of that contention because the claimant also argues that he was denied a fair hearing. Before the ref-

eree, the claimant was unrepresented by counsel and was not advised of his right to secure an attorney.

In an unemployment compensation case, a referee must advise an unrepresented claimant of his right to procure an attorney, to offer witnesses on his behalf, and to cross-examine adverse witnesses. *Hoffman v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981); *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981). Because the referee did not so advise the claimant, we must remand this case to the Board for a new hearing consistent with this opinion.

ORDER

AND Now, this 16th day of November, 1981, the order of the Unemployment Compensation Board of Review in the above captioned case, dated March 17, 1980, is vacated, and the record is remanded for a new hearing consistent with this opinion.