184

Peter Peda, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 17, 1981, before President Judge CRUMLISH, JR. and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Ira Mark Goldberg,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., January 20, 1982:

Peter Peda appeals an Unemployment Compensation Board of Review order which affirmed a referee's denial of benefits. We vacate and remand.

When Peda's wife was hospitalized for psychiatric care, he terminated his employment in order to be home in the evenings to care for his sixteen year old daughter. The referee denied him benefits and the Board affirmed finding that the desire to care for his daughter did not constitute a "cause of necessitous and compelling nature." Section 402(b) of the Unemployment Compensation Law.[1]

We will not consider this issue because Peda also contends that he was denied a fair hearing because he was not represented by counsel before the referee nor was he advised of his right to secure an attorney.[2] We have recently held that in an unemployment compensation case, an unrepresented claimant, has the right to be advised by the referee that he may seek legal counsel, may offer witnesses and cross-examine adverse witnesses. *Vitko v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 391, 436 A.2d 1235 (1981).

Vacated and remanded for an evidentiary hearing consistent with this opinion.

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-184255, dated May 20, 1980, is

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

[2] Normally, we would consider an argument first raised at oral argument to be untimely raised, however, Pa. R.A.P. 1551(a)(3) allows questions to be raised by the petitioner before this Court if by due diligence they could not have been raised below.

vacated and remanded for proceedings consistent with this opinion.

This decision was reached prior to the expiration of term of office of Judge PALLADINO.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

The fair hearing issue was not presented in the briefs to this Court. It was first raised in oral argument. Our initial decision holding that a referee's failure to advise uncounseled claimant's of their rights was handed down June 3, 1981. *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981). The instant case was argued before us on September 17, 1981.

Pa. R.A.P. 2116(a) states in pertinent part:

(a) *General Rule.* The statement of the questions involved must state the question or questions in the briefest and most general terms, without-names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. *This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily* no point will be considered which is not set forth in the statement of questions involved or suggested thereby. (Emphasis added.)

Inasmuch as Claimant had ample opportunity to set forth this issue by way of a supplemental brief which would then have put the Board on notice of the issue and afforded the opportunity to the Board to reply, I feel that the Claimant has no right to present the issue for the first time at oral argument.

I disagree with the majority that the circumstances of this case fall within the purview of Pa. R.A.P. 1551

(a)(3). *Nothing* prohibited this Claimant from presenting the issue of a fair hearing to the Board. Many other claimants did so. The fact that neither the Board nor the courts had held that the referee had such duties would not have prevented the Claimant from presenting the question by the exercise of due diligence as many others, before and since, have done.

While I heartily agree with this Court's decision in *Katz (see Hoffman v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981)), I see no reason to extend its benefits to those who do not timely and properly raise the issue.

I would affirm the Board.