Robert Hughes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, May 7, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Lee Moses,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 3, 1982:

In this appeal, Claimant[1] by supplemental brief, contends that he was not advised of the rights afforded to him under 34 Pa. Code §101.21(a).[2] Our review of the record indicates that the Claimant was not represented by counsel at the referee's hearing and that he was not advised of his rights.

---

[1] Robert Hughes.

[2] 34 Pa. Code §101.21(a) provides:

In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

In *Katz v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981) we held that where the claimant complained that the referee failed to advise her as an uncounseled claimant of her procedural rights, the case would be remanded. In *Peda v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 184, 439 A.2d 888 (1982) we held that this issue could be raised, although not briefed, at oral argument.

As we have noted, the issue has been raised in the instant case by supplemental brief and must be remanded, therefore, in light of our prior holdings.

### ORDER

The order of the Unemployment Compensation Board of Review dated October 29, 1980, No. B-189144, denying unemployment compensation benefits to Robert Hughes is vacated and remanded for proceedings consistent with this opinion.