Lois B. Lauer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Eileen Henry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

84

· Argued March 3, 1982, before · Judges ROGERS, CRAIG and MacPHAIL, sitting as a panel of three. ·

*John F. McElvenny,* for petitioners.

*Charles Hasson,* Associate Counsel, with him *Charles Donahue,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MacPHAIL, June 4, 1982:
Appellants in this consolidated appeal from a decision of the Unemployment Compensation Board of Review (Board) denying them unemployment compensation benefits, have set forth at the end of their briefs that the referee's hearing in each case was not conducted in accord with the provisions of 34 Pa. Code §101.21(a) which provides that:

> In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him

every assistance compatible with the impartial discharge of its official duties.

Our review of the record in the instant cases indicates that neither Claimant was represented by counsel and neither Claimant was advised of her rights.

In *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981) we held that where the claimant complained that the referee failed to advise her as an uncounseled claimant of her procedural rights, the case would be remanded. In *Peda v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 184, 439 A.2d 888 (1982) we held that this issue could be raised at oral argument, even though not briefed. In *Hughes v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 64, A.2d , filed June 3, 1982, we have held that if the issue is raised in Claimant's brief we will order a remand.

As we have noted, the issue was raised here at the very end of Appellants' briefs. Inasmuch as we have permitted the issue to be raised in oral argument though not briefed, *see Peda,* we will acknowledge that the issue was raised here notwithstanding the fact that neither Appellant has strictly complied with the provisions of Pa. R.A.P. 2116(a).[1] In light of our prior holdings, we will order that the case be remanded for further proceedings.

---

[1] Pa. R.A.P. 2116(a) requires an appellant to set forth in his brief a statement of questions involved. The rule also states that ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby. In the instant case, Appellants do set forth such a statement of questions but do not mention nor suggest therein any impropriety of procedures followed at the referee's hearing. The strict application of the provisions of Rule 2116 could very well foreclose us from considering the question of whether proper procedures were followed at the referee's hearing but we are under guidance from our

86

## ORDER

It is ordered that the orders of the Unemployment Compensation Board of Review, decision Nos. B-188777 and B-189829, dated respectively October 20, 1980 and November 20, 1980 be vacated and the cases remanded for proceedings consistent with this opinion.

Judge MENCER did not participate in the decision in this case.

---

Supreme Court that the rules of court are not ends in themselves but are designed to insure the fair, orderly and expeditious administration of justice. *In Re: Tax Claim Bureau, German Township, Mt. Sterling, 54 1/2 Acres, Miscellaneous Buildings,* Pa. , 436 A.2d 144 (1981). In view of this Court's previously stated position in *Katz* that fairness requires a remand in circumstances where the referee has not complied with Section 101.21, we will not invoke the strict application of the rule of procedure.