Frederick Bender, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*Marvin Benton,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *James Norris,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 28, 1982:

Frederick Bender (petitioner) appeals a decision of the Unemployment Compensation Board of Review (Board) adopting a referee's denial of benefits under Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1]

We must vacate the Board's order and remand this case for a new hearing inasmuch as our review of the record indicates that the referee failed to inform the petitioner of his right to have counsel, to present witnesses in his own behalf, and to cross-examine adverse witnesses as required by 34 Pa. Code §101.21(a).

The Board argues that the petitioner failed to preserve the issue of not being advised of the right to have counsel because he did not raise that issue below[2] and that, in any event, the referee's alleged failure to advise him, did not prejudice him or materially affect his rights. We have held, however, that the issue of a claimant's right to have counsel may be raised for the first time at oral arguments. *Peda v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 184, 439 A.2d 888 (1982); *see Felici v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 332, 444 A.2d 843 (1982) (right to have counsel issue raised for the

---

[1] Willful misconduct.

[2] The petitioner first raised the issue of his right to have counsel in his brief filed with this Court.

first time in a brief before this Court). And, it *not* being apparent from the record that the petitioner validly waived his right to be advised, or that he was not prejudiced, or that his rights were not materially affected by the referee's failure to advise him properly, we must vacate the order of the Board and remand this case for a new hearing.

### ORDER

AND Now this 28th day of June, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and this case is remanded to said Board for a new hearing consistent with this opinion.

Judge MENCER did not participate in the decision in this case.