Karl R. Linke, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

118

*William W. Shimer, Jr.,* for petitioner.

*Richard C. Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Kathryn H. Levering, Drinker, Biddle & Reath,* for Amicus Curiae, Hospital of the University of Pennsylvania.

OPINION BY JUDGE MACPHAIL, September 17, 1982:

In the instant case, the Claimant,[1] seeks a remand because the referee failed to comply with Part VI of 34 Pa. Code §101.21(a) which requires the referee to give an unrepresented claimant certain instructions regarding his rights. In *Katz v. Unemployment Compensation Baord of Review*, 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), we held that such an omission on the referee's part required a remand. Our review of the record here indicates that the referee did not give the Claimant the required instructions.

The Commonwealth and Claimant's employer[2] by an amicus brief, argue to us that the referee's omission was not prejudicial to the Claimant and, therefore,

---

[1] Karl R. Linke.

[2] Hospital of the University of Pennsylvania.

our recent cases of *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981) and *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981) are controlling. In those cases, this Court[3] held that where the failure of the referee to give appropriate instructions was neither prejudicial to the Claimant nor materially affected his rights, the error was harmless.

In the case now before us, Claimant terminated his employment but testified that he was "forced" to do so by virtue of the circumstances existing at the time of termination. Our case law is to the effect that where the claimant has quit voluntarily, it is his burden to show cause of a necessitous or compelling reason for doing so. *Aluminum Company of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). Claimant was the sole witness in support of his case. The employer had two witnesses and a Mr. Paul[4] from R. E. Harrington, Inc., designated on the employer's appeal from the grant of benefits by the Office of Employment Security as "agents for employer." At the conclusion of Claimant's testimony, Mr. Paul was asked by the referee if he had any questions of the Claimant. Although Mr. Paul did not ask any questions, the Claimant was never asked by the referee if he had any questions of the employer's witnesses after they had testified. In fact, at one point when the Claimant attempted to contradict a statement made by one of the employer's witnesses, he was admonished by the referee not to do so.

Whether or not prejudice exists can only be decided on a case by case basis. In this case, we are of the

---

[3] The author of this opinion dissented in *Robinson*.

[4] There is no indication that Mr. Paul was a member of the bar.

120

opinion that the referee's failure to instruct the Claimant that he had the right to cross-examine the employer's witnesses coupled with his failure to give Claimant the opportunity to do so, was prejudicial.

Being satisfied under *Katz, Robinson* and *Snow*, that the Claimant is entitled to a remand, it will be so ordered.

### ORDER

The order of the Unemployment Compensation Board of Review in Decision No. B-196311 is reversed and the case is remanded to the Board for further proceedings not inconsistent with this opinion.