Mary Schuster, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 16, 1982, before Judges Rogers, MacPhail and Doyle, sitting as a panel of three.

*Ralph P. Carey, Ralph P. Carey & Associates,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 4, 1982:

Mary Schuster (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) disallowing unemployment compensation and Trade Readjustment Allowance benefits for the compensable week ending July 19, 1980, because Claimant did not accept suitable work when offered to her.[1]

Claimant does not deny that a Mr. Heckman, Job Service Interviewer from the Office of Employment Security (Office), contacted her by telephone on July 17, 1980, referring her to a job opportunity with wages and hours substantially compatible with her prior employment; nor does she deny that she agreed to report to the prospective employer the following day for an interview. Finally, she does not dispute that she did not report for that interview. Claimant was unrepresented at the referee's hearing and the referee failed to give the Claimant the instructions we found in *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981) to be mandated by 34 Pa. Code §101.21(a).

Claimant's justification for her actions with respect to the employment referral is that her husband and her friends advised her that she should have a "green card" from the Office before she reported for the interview with the prospective employer. Claimant's husband corroborated his wife's testimony and her son also testified. Claimant admitted that she did not call Mr. Heckman again to ascertain whether or not she would need or receive a green card. In her notice of appeal from the referee's decision, Claimant, then

---

[1] Section 402.1(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(1).

represented by counsel, alleges for the first time that she did call another person at the Office and that she was informed by that person that "she would probably receive a notice in the mail and that she should then respond to the job referral."[2] Claimant asked the Board to remand the case for a rehearing to enable her to present this additional testimony.

The Board did not order a remand but rather affirmed the referee's decision. The Board also refused Claimant's request for reconsideration.

Claimant has the burden of proving her right to benefits. *Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977). In the instant case, that means that Claimant must prove that she had good cause for refusing suitable employment. The Board found that the Claimant failed to meet her burden. We agree. Reliance upon information from relatives and friends regarding re-employment procedures is not sufficient to justify Claimant's failure to follow up on a job referral. Even assuming that Claimant did call the Office and was informed by someone other than Mr. Heckman that she would "probably" receive a notice in the mail, such testimony would not be inconsistent with Mr. Heckman's own testimony that green cards are not sent or given to claimants in all instances of referrals. We conclude that the Board's findings are supported by substantial evidence and that the Board's conclusion that Claimant is not entitled to benefits is warranted by its findings.

There remains the question of whether this case must be remanded in view of our decision in *Katz*. The issue is one raised in Claimant's brief. *Katz* was followed by *Robinson v. Unemployment Compensation*

---

[2] The quoted language is extracted from an affidavit sent to the Board after the referee's decision.

*Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981) and *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981) where this Court held that unless the referee's omission to orally instruct the claimant of her rights was prejudicial, a remand was unnecessary. In *Linke v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 117, 450 A.2d 312 (1982) (No. 1789 C.D. 1981, filed September 17, 1982), we held that whether or not prejudice exists can be decided only on a case by case basis. We have carefully reviewed the record in this case and find no prejudice to Claimant. She was given a fair hearing. She presented witnesses in her behalf. There were no disputed evidentiary rulings. Regarding the additional testimony she now wishes to present, we note again that such testimony is not inconsistent with that presented to the referee. Furthermore, Claimant's failure to state to the referee that she did call the office and speak to someone other than Mr. Heckman when she was asked specifically whether she did call the office again, renders such additional testimony highly suspect.

Order affirmed.

## ORDER

It is ordered that the order of the Unemployment Compensation Board of Review numbered Joint State —UC-TRA-80-2-N-671, and dated August 29, 1980, denying unemployment compensation benefits to Mary Schuster and its refusal to grant reconsideration of that order are affirmed.

---

## AMENDED ORDER

It is ordered that our prior order of November 4, 1982, be and the same is hereby amended to read as follows:

It is ordered that the order of the Unemployment Compensation Board of Review numbered B-188767 and dated October 20, 1980, denying unemployment compensation benefits to Mary Schuster and its refusal to grant reconsideration of that order are affirmed.