Margery Mayberry, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1983, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Lee Moses,* for petitioner.

*Richard C. Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 15, 1983:

In this unemployment compensation appeal, the claimant, by supplemental brief, contends that the referee did not advise her of her right to have counsel and to cross-examine adverse witnesses, as is required, *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981), 34 Pa. Code §101.21(a). Review of the hearing record confirms the factual correctness of that assertion. We have held that a claimant can raise this issue on appeal. *Hughes v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 67, 445 A.2d 1352 (1982); *Peda v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 184, 439 A.2d 888 (1982).

Hence the issue is whether or not the referee's omission was prejudicial to the claimant in the circumstances of this case. *Linke v. Unemployment*

*Compensation Board of Reivew,* 69 Pa. Common-wealth Ct. 117, 450 A.2d 312 (1982); *Snow v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981). The Board argues that there was no prejudice to the claimant.

To resolve the issue, we must consider the facts. The claimant was a maintenance helper of a real estate company, represented by a management company. The claimant, in connection with her landscaping duties, had worked at preparations for the purchase of plantings. When an official of the management company and the wife of claimant's supervisor completed the purchase without including the claimant, the claimant became upset and complained to the management company official, asking him if he wanted her to quit. That official told her that the decision was hers, and he testified that he imparted the same position to a Mrs. Harrington of the real estate company. However, the claimant's testimony was that, when she called Mrs. Harrington, Mrs. Harrington told the claimant to turn in her keys, so that the claimant believed that she had been fired.

Hence the factual issue is whether the real estate company discharged the claimant, as she understood it, or she voluntarily quit, as it appeared to the management company official who testified. The referee and the board resolved that conflict against the claimant, rejecting her position that, at the worst, she was the innocent victim of a mixup in communication. There was no testimony from Mrs. Harrington, obviously a pivotal witness.

Our conclusion from study of the record is that the claimant, lacking counsel at the hearing, could well have been disabled from establishing the truth of the alleged misunderstanding by not having the

benefit of cross-examination and other assistance of counsel.

Therefore, we must order a remand.

## ORDER

Now, March 15, 1983, the order of the Unemployment Compensation Board of Review in decision No. B-187340 is reversed, and this case is remanded for rehearing. Jurisdiction relinquished.