Timothy C. Deaner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 3, 1983, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Mark E. Mioduszewski, Know, Grahan, McLaughlin, Gornall and Sennett, Inc.,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 18, 1983:

This is the appeal of an unemployment compensation claimant from an order of the Unemployment Compensation Board of Review affirming a referee's decision denying the appellant benefits on the ground that he was discharged from the United States Marine Corps "for cause" within the meaning of the pertinent Federal legislation and was not, therefore, a person in Federal Service eligible for compensation, as required by the Act of Congress. The legislation is at Subchapter II of Chapter 85 of Title 5 of the United States Code, specifically 5 U.S.C. §8521 which reads as follows:[1]

(a) For the purpose of this subchapter

(1) "Federal service" means active service, including active duty for training purposes, in the armed forces or the Commissioned Corps of the National Oceanic and Atmospheric Administration which either began after January 31, 1955, or terminated after October 27, 1958, if—

(A) that service was continuous for 365 days or more, or was terminated earlier be-

---

[1] At 5 U.S.C. §§8501 *et seq.,* the Congress established a scheme under which certain federal employees, defined at 5 U.S.C. §8501(3) as "an individual who has performed federal service," may receive unemployment compensation benefits.

cause of an actual service-incurred injury or disability; and

(B) with respect to that service, the individual—

(i) was discharged or released under honorable conditions;

(ii) did not resign or voluntarily leave the service; and

(iii) was not released or discharged for cause as defined by the Department of Defense

. . . .

5 U.S.C. §8521 (Supp. 1981), *amended by* 5 U.S.C. §8521 (1982).

The appellant received an honorable discharge from service with the United States Marine Corps on April 21, 1982.[2] His Certificate of Release or Discharge From Active Duty (DD Form 214) issued at the time of his discharge described the reason for his separation as "Unsuitability—Failure to meet prescribed weight standards." The appellant testified that he was five feet eight inches tall and that his maximum weight under Marine Corps regulations was 181 pounds. On March 1, 1981, he weighed approximately 210 pounds and was given six months to reduce his weight to below 181 pounds. This he accomplished, but he later regained the weight, was unable to reduce it and was discharged for this reason.

The appellant promptly applied for unemployment compensation benefits and the state agency (Office of Employment Security in Erie, Pennsylvania) issued a request to the federal separation agency for additional information regarding his separation; namely, wheth-

---

[2] The appellant had reenlisted for a second time in November, 1980. His tour of duty under his second reenlistment would have ended in November, 1985, had he not been prematurely discharged.

er the appellant had been discharged for cause. The federal agency reply was made on Form MA 8-43 entitled Request for Military Document/Information for Unemployment Compensation Purposes—UCX and was "involuntary separation for cause." The Office of Employment Security thereupon disapproved the appellant's application for benefits on the ground that as the appellant had been discharged for cause, he was ineligible for benefits under 5 U.S.C. §8521 (a)(1)(B)-(iii). This action was affirmed by a referee and the Board of Review.

The appellant's principal contention is that the evidence before the Unemployment Compensation Board of Review was insufficient to support its determination that he had been discharged "for cause as defined by the Department of Defense." This, he argues, is because there are no regulations promulgated by the Department of Defense defining what a separation or discharge for cause is and because a fair reading of the regulations governing reasons for discharge, found at 32 C.F.R. §41.7, does not support a finding either that a discharge for failure to meet weight standards is a discharge for unsuitability or, indeed, that a discharge for unsuitability is a discharge for cause.

Although we incline to disagree with the appellant's theses just stated, we do not reach their merits, because we are constrained to agree with the Board of Review's position that it was bound to treat as final and conclusive the federal agency's reply to the Office of Employment Security's inquiry that the appellant's discharge was "involuntary separation for cause."

The Congress at 5 U.S.C. §8523(b)(1) provides in relevant part:

    (b)   Subject to correction of errors and omissions as prescribed by regulations of the Secre-

tary, the following are *final and conclusive* for the purpose of sections 8502(d) and 8503(c) of this title:

(1)  Findings by an agency of the United States made in accordance with subsection (a) of this section with respect to—

(A)  whether or not an individual has met any condition specified by Section 8521 (a)(1) of this title; . . . . (Emphasis supplied.)

The pertinent regulations are those of the Department of Labor.  20 C.F.R. §614.4 provides:[3]

Federal Findings.

Information contained in a military document shall constitute federal findings to which Section 614.8 applies as to (a) whether an individual has performed Federal military service; (b) . . . ; (c) the type of discharge or release terminating the individual's period or periods of Federal military service; . . . .

20 C.F.R. Section 614.8 provides:

Finality of Federal Findings.

The Federal findings of a Federal military agency or the U.S. Veterans Administration with respect to an individual (including the reasons for his separation reflected therein) and the schedules of remuneration issued by the Secretary *shall be final and conclusive.*  (Emphasis supplied.)

The phrase "involuntary separation for cause" used in the Form MA 8-43 relating to the appellant's separation speaks directly to whether or not the ap-

---

[3] The C.F.R. citations herein noted refer to Title 20 of the Code of Federal Regulations revised as of April 1, 1982.  These sections have since been revised as of April 1, 1983, such that the provisions of §614.4 are now found at 20 C.F.R. §614.21 and those of §614.8 are now found at 20 C.F.R. §614.25.

pellant has met a condition for eligibility created by 5 U.S.C. §8521(a)(1), that is, whether he performed federal military service within the meaning of that section so as to qualify him for unemployment compensation benefits. Being final and conclusive it binds the Pennsylvania compensation authorities and this Court.

The appellant further argues that even if we find that the phrase "involuntary separation for cause" supports a determination that he was discharged for cause, this does not satisfy the requirement at 5 U.S.C. §8521 (a)(1)(B)(iii) that the release or discharge for cause be "as defined by the Department of Defense," because the Department has promulgated no regulations defining what a separation or discharge for cause is.

The appellant would have us hold that the Congress intended that the failure of the Department of Defense to define the phrase "discharge for cause" would nullify the disqualification of persons discharged although they in fact were discharged for cause; in effect, that the statute was repealed by administrative inaction. We think the proper interpretation of the statute in these circumstances would be to the effect that, pending the provision of a definition by the Department of Defense, the determination of whether in a particular case the discharge was for cause should be made by the military service in which the subject served without benefit of a departmental definition. In this case, the record shows that the appellant had been discharged for twice failing to comply with weight standards, surely a sufficient revelation of the facts upon which the determination that the appellant was discharged for cause was based.

Order affirmed.

## Order

AND Now, this 18th day of November, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.