Michael Steven Weight, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 3, 1983, before ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, April 5, 1984:

Before this Court is an appeal by Michael Steven Weight (Petitioner) from a decision and order of the Unemployment Compensation Board of Review (Board) reversing a referee's award of benefits on the grounds that Petitioner had voluntarily left service. We reverse and remand.

Petitioner was on active duty with the United States Navy from November 23, 1977, until his discharge from service on November 12, 1981. The discharge was categorized as "honorable." Petitioner applied for unemployment compensation benefits which were denied by the Office of Employment Security. Following an appeal, a hearing was held and a referee awarded benefits on the grounds that Petitioner, whose enlistment was due to expire, had sought reenlistment in the Navy but that, because of a recommendation by his commanding officer, he had received

a non-waivable reenlistment code of RE-4 which precluded the possibility of reenlistment thus rendering his separation involuntary. On further appeal, the Board reversed the referee. The sole ground advanced for this reversal was that the Navy, on a Pennsylvania Office of Employment Security form ETA 8-43, Request For Military Document/Information for Unemployment Compensation Purposes—UCX, (formerly designated as form MA 8-43) had indicated that Petitioner's separation was voluntary. Petitioner was therefore deemed ineligible for unemployment benefits pursuant to 5 U.S.C. §8521 which sets the standards for eligibility for claimants such as Petitioner and which, at the time pertinent to this case, read:

§8521.   Definitions; application

(a)   For the purpose of this subchapter—

(1)   "Federal service" means active service, including active duty for training purposes, in the armed forces or the Commissioned Corps of the National Oceanic and Atmospheric Administration which either began after January 31, 1955, or terminated after October 27, 1958, if—

(A)   that service was continuous for 365 days or more, or was terminated earlier because of an actual service—incurred injury or disability; and

(B)   with respect to that service, the individual—

(i)   was discharged or released under honorable conditions;

(ii)   did not resign or voluntarily leave the service; and

(iii)   was not released or discharged for cause as defined by the Department of Defense.

. . .

5 U.S.C. §8521 (Supp. V 1981), *amended by* 5 U.S.C. §8521 (1982).

There is no question that Petitioner was discharged under honorable conditions, and that he was not discharged for cause. The precise and troublesome issue is whether he voluntarily left the service. In his appeal to this Court, Petitioner argues that other federal forms[1] and evidence submitted in this matter indicate his separation from military service was involuntary and that the Pennsylvania form ETA 8-43 should not have operated to the effective exclusion of this evidence.

It is well settled that the claimant has the burden of proving the right to unemployment benefits. *Schuster v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 537, 451 A.2d 1059 (1982). Where, as here, the party with the burden of proof has not prevailed before the Board, this Court's scope of review is limited to determining whether the findings of fact are consistent with each other and the conclusions of law[2] and can be sustained without a capricious disregard of competent evidence. *Bruder v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982). In a case such as that now before us, however, the information contained in a *military document* as to the type or nature of a discharge from military service constitutes a federal finding which, like other federal findings in such matters, is final, conclusive, and beyond our powers of review. *Deaner v. Unemployment Com-*

---

[1] A form DD 214, Certificate of Release or Discharge From Active Duty and a NAVPERS 1616/5 (10-71), Report of Enlisted Performance Evaluation.

[2] Whether a termination of employment was voluntary is a conclusion of law contingent on the facts of a case. *Ryan v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 207, 448 A.2d 713 (1982).

*pensation Board of Review*, 78 Pa. Commonwealth Ct. 431, 467 A.2d 662 (1983). *See Hill v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 252, 385 A.2d 1032 (1978).[3]

The exact language on Petitioner's form ETA 8-43, which constitutes the Navy's response to the official inquiry into the circumstances of Petitioner's separation, was "voluntary-not recommended for re-enlisment." The Board construes the presence of the word "voluntary" on this firm to obviate the need, and even the authority, to inquire further into the circumstances of Petitioner's leaving the Navy. We must disagree.

The pertinent federal regulations are found at 20 C.F.R. §614.4 (1981) and provide:

Federal Findings.

Information contained in a *military document* shall constitute federal findings to which §614.8 applies as to (a) whether an individual has performed Federal military service; (b) . . . (c) the type of discharge or release terminating the individual's period or periods of Federal military service. . . . (Emphasis added.)

A "military document" is defined at 20 C.F.R. §614.1(g)(1981) as "an official document or documents *issued to an individual by a Federal military agency* relating to his Federal military service and discharge or release from such service." (Emphasis added.) The ETA 8-43 is a form used by the Pennsylvania Office of Employment Security to request from military authorities information and/or military documents pertaining to the circumstances of an individual's separation from service for the purposes of making a determination on his eligibility for unemployment compensation. It is merely correspondence

---

[3] *See also* 5 U.S.C. §8523 (1976); 20 C.F.R. §§614.4, 614.8 (1981).

from a Pennsylvania agency and return correspondence from a federal agency. As such, it lacks the significance of a "military document" and information thereon does not constitute "federal findings" as to the nature of a separation from military service under 20 C.F.R. §614.4 (1981). In fact, at no point in Title 20 of the Code of Federal Regulations, Chapter V, Part 614-Unemployment Compensation for Ex-Servicemen, or the pertinent provisions of Title 5 of the United States Code, do we find language equating the federal response on a *state* form to a *state* inquiry in such a matter to a "federal finding." And, as it is only "[*f*]*indings* by an agency of the United States" and "[t]he schedules of pay and allowances prescribed by the Secretary [of Labor]" which are binding on the state agency, 5 U.S.C. §8523(b) (1976),[4] we are constrained to hold that the Navy's response to the state ETA 8-43 was merely informational, consistent with the Navy's authority to release "such information, *including* findings" under 5 U.S.C. §8523(a) (1976) (emphasis added).[5] Being merely informational, the Navy's conclusory statement on the ETA 8-43 that Petitioner's separation was "voluntary" is entitled to no more weight, as a matter of law, than would such a statement by a private employer or a claimant's own testimony. It does not bind the Board and can be considered equally with other evidence entered in the proper course of an eligibility proceeding.[6] Since the Board has made no other findings con-

---

[4] *See* 20 C.F.R. §614.8 (1981).

[5] *But see Deaner v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 431, 467 A.2d 662 (1983). That, case, however, did not reach the issue of whether the form ETA 8-43 (at that time form MA 8-43) was, in fact, a "military document" under the controlling statutes and regulations.

[6] We at this point note the case of *In re Schulman v. Navy Regional Finance Center, Civilian Payroll Dept.*, 38 Colo. App. 372, 560 P.2d 476 (1976) where it was held that even where the federal in-

cerning Petitioner's separation, we accordingly remand this matter for the further proceedings necessary to its resolution.[7] In so doing we point out the inherent inconsistency in the Navy's language on the form ETA 8-43. If Petitioner is "not suitable for re-enlistment", the categorization of his separation as "voluntary" is superfluous, and visa-versa. "[N]ot suitable for reenlistment" goes as much to the reasons for Petitioner's separation from service as does "voluntary" and contradicts the latter which, despite its perhaps more conclusory nature, can not therefore be treated as dispositive in this matter. Thus, we would find it necessary to order a remand under either rationale or analysis.

## ORDER

Now, April 5, 1984, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-207012, is hereby reversed and the matter is remanded for further pro-

formation could properly be considered a finding, it was not conclusive unless the employee was afforded a fair hearing and that a hearing before a state agency considering itself bound by the conclusory federal finding was tantamount to no hearing at all.

[7] The Board, in its brief states:

Perhaps the term "voluntary" does not accurately connote the circumstances of Weight's separation. However, the remainder of the Navy reply "not recommended for re-enlistment" is a more accurate statement of what occurred. It is clear that the Navy terminated his service without spelling out the specific reasons. The Board, in reversing the Referee's grant of benefits, took the position that Claimant was financially ineligible (wages unassignable) within the meaning of the 1981 Act. [5 U.S.C. §8521(a) (Supp. V 1981)]

The focus of the Board's decision, however, was on the circumstances of Petitioner's separation and, within the context of whether the manner of separation renders his military wages unassignable, it is the dispositive issue.

ceedings consistent with the opinion above. Jurisdiction is relinquished.

_____

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent because I believe that there is insufficient evidence in this record supporting the majority's conclusion that Form ETA 8-43 is a military document within the meaning of 20 C.F.R. §§614.4 and 614.8. Indeed, the letters "ETA" denote the Employment and Training Administration in the United States Department of Labor. It is entirely possible that ETA 8-43 is the form approved by competent federal authority for reporting to state compensation agencies the reasons for the termination of military personnel. If so, it would constitute the required military document.

I would vacate the order below and remand the case for further hearings, findings and a decision of the compensation authorities with respect to whether ETA 8-43 is or is not a military document.