Edward J. Finley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 7, 1983, to Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

*Susan L. Strong,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Barbieri, April 27, 1984:

Edward J. Finley (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) denying him benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law[1] (Law).

The Claimant was discharged from his employment as a taxi driver for the Taxi Radio Company in June 1982, for unexcused and unreported absences from his work from May 28, 1982 until June 1, 1982. Prior to these unreported absences the Claimant had been warned and threatened with discharge for unexcused absences. The Claimant applied for unemployment benefits which were denied by the Office of Employment Security. The Claimant appealed this denial, and a hearing was convened before a referee on July

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

1, 1982, at which time both the Claimant and the employer appeared by themselves and without counsel. Benefits were denied by the referee on the basis of willful misconduct which decision was subsequently affirmed by the Board in its own decision. The Claimant now appeals to this Court.

The Claimant does not challenge the Board's determination that his actions, if true, would constitute willful misconduct under Section 402(e), but rather asserts that he is entitled to a remand upon the basis that the referee denied him due process by not advising him of his right to present witnesses and by not aiding him in cross-examining his employer, in violation of 34 Pa. Code §101.21(a).[2]

Where a referee has failed to properly advise an uncounseled claimant of his rights, this Court will order a remand unless it can be shown that the referee's omissions were not prejudicial to the claimant or did not materially affect his rights. *Linke v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 117, 450 A.2d 312 (1982), *Robinson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981), and *Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981).

In the present case, we must conclude that the referee's failure to advise the Claimant of his right

---

[2] Section 101.21(a) of Title 34 of the Pa. Code provides as follows:

In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

to present witnesses was prejudicial error. The issue resolved by the referee was whether or not the Claimant had reported his absences of May 28-June 1, 1982 to his employer. The Claimant testified that on the dates in question he called work and reported his absences to a dispatcher who informed the Claimant not to report to work until the Claimant spoke to his employer. Contrary to the Claimant's testimony, the employer testified that on the days in question the Claimant never called in to report his absences. Both the referee and the Board resolved this conflict in testimony against the Claimant and in favor of the employer, finding the employer's testimony more credible. The Claimant asserts that had he known of his rights to present and subpoena witnesses, the conflict in testimony could have been resolved in his favor with the aid of the dispatcher's testimony. We agree. While the added testimony of the dispatcher may not have influenced the decision in this case, it could have, and therefore the referee's failure to adequately inform the Claimant of his right to present witnesses was a prejudicial error and a remand will therefore be ordered.[3]

Reversed and remanded.

ORDER

AND Now, this 27th day of April, 1984, the order of the Unemployment Compensation Board of Review, dated August 19, 1982, No. B-209026, is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

---

[3] Due to our disposition of this case, we need not and do not address the Claimant's other contention as to whether or not the referee's failure to aid him with the cross-examination of the employer was also prejudicial error.