530 A.2d 528

Mary Lenns, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Charles A. Lenns,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 28, 1987:

Mary Lenns (petitioner) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which denied her benefits pursuant to Section 404(a)(1) of the Unemployment Compensation Law (Law), 43 P.S. §804(a)(1)[1] and 5 U.S.C. §5595(f).[2]

---

[1] Section 404(a)(1) of the Law provides:

The employe's weekly benefit rate shall be computed as (1) the amount appearing in Part B of the Table Specified for the Determination of Rate and Amount of Benefits on the line on which in Part A there appears his 'highest quarterly wage,' or (2) fifty per centum (50%) of his full-time weekly wage, whichever is greater.

[2] 5 U.S.C. §5595(f) provides:

Severance pay under this section is not a basis for payment, and may not be included in the basis for computation, of any other type of United States or District of Columbia Government benefits. A period covered by severance pay is not a period of United States or District of Columbia Government service· or employment.

The petitioner was employed as a clerk typist by the United States Department of Agriculture (employer), and her last day of work was on April 14, 1984. Her job was terminated due to the relocation of her employer's office. On appeal from a referee's denial of benefits,[3] the Board made the following pertinent findings:

2. [The petitioner] filed an application for employment benefits [sic] effective April 14, 1985, thereby establishing a base year period from January 1, 1984 to December 31, 1984.

3. [The petitioner] was paid $2,574.94 in gross earnings in the first quarter ending March 31, 1984.

4. [The petitioner] was paid $1,354.00 in gross earnings in the second quarter of 1984.

5. [The petitioner] was paid a severance pay beginning April 14, 1984 through December 31, 1984 in a total amount of $6,929.39, which was paid to her in equal installments every two weeks.

The Board, thereafter denied benefits, concluding that:

Pursuant to the US [sic] Code, therefore, severance pay is not to be credited for unemployment benefits. Without that addition to [the petitioner's] reported earnings her total earnings in the base year were $3,929 with a high quarter of $2,574. Pursuant to the table in Section 404(e) of the Law she does not qualify as financially eligible for benefits.

The petitioner contends that because severance payments constitute wages under Pennsylvania law, *Hock v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 517, 413 A.2d 444 (1980), and be-

---

[3] This case has a detailed procedural history, the recitation of which is unnecessary for disposition of the matters before us.

cause she is applying for state unemployment compensation benefits, her severance payments should be included as wages for determining financial eligibility, rather than excluded under 5 U.S.C. §5595(f).

The Board concedes that a non-federal employee's severance payments may be included as wages so long as they reflect an accumulated benefit based on service with an employer. *Hock*. The Board contends, however, that, inasmuch as the petitioner here was a federal employee, her severance payments may not be considered wages.

Preliminarily, we note that, under federal law, the unemployment compensation authorities of states are empowered to act as agents of the federal government in extending benefits to covered federal employees. 5 U.S.C. §8502. And, when a federal employee becomes unemployed, the federal agency is required to submit information in the form of findings, including the amount of federal wages, to the respective states. 5 U.S.C. §8506(a). In the case *sub judice,* the Department of Agriculture submitted to Pennsylvania the required information, including findings concerning the petitioner's wages. Those findings, however, did not include severance payments as part of her total wages. And, although these findings are not conclusive upon the state,[4] we do not believe that the state is required to ignore either the federal agency's findings or federal law. Accordingly, because severance payments will not be considered by the federal government as a component in ascertaining a federal employee's financial eligibility, benefits in this amount, if paid by the state, will not be

---

[4] An amendment deleting the provision of 5 U.S.C. §8506 regarding the conclusiveness and finality of a federal agency's findings upon a state agency became effective on October 20, 1976, with respect to findings made after that date.

reimbursed by the federal government. *See* 5 U.S.C. §5595(f). Furthermore, 20 C.F.R. §609.9 pertinently provides that:

(a) *Particular provisions applicable.* Except where the result would be inconsistent with the provisions of the Act or this Part or the procedures thereunder prescribed by the Department, the terms and conditions of the applicable State law which apply to claims for, and the payment of, State unemployment compensation shall apply to claims for, and the payment of, UCFE and claims for waiting period credit. The provisions of the applicable State law which shall apply include, but are not limited to:

(1) Claim filing and reporting;

(2) Information to individuals, as appropriate;

(3) Notices to individuals and Federal agencies, as appropriate, including notice to each individual of each determination and redetermination of eligibility for [sic] or entitlement to [sic] UCFE;

(4) Determinations and redeterminations;

(5) Ability to work, availability for work, and search for work; and

(6) Disqualifications.

We believe, therefore, that the Board neither abused its discretion nor committed an error of law by refusing to grant State benefits to a federal employee, for which it would not be reimbursed by the federal government, nor by applying the federal unemployment compensation provisions, specifically 5 U.S.C. §5595(f), in a manner that would insure a uniform interpretation and application of the federal provisions as per 20 C.F.R. §609(a).[5]

---

[5] Due to our disposition of this matter, we need not address the other issue raised by the Board.

Accordingly, the petitioner was properly found to have had insufficient base year wages to qualify for benefits, and we will affirm the order of the Board.

ORDER

AND NOW, this 28th of August, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.