533 A.2d 789

Matthew Marion Fondel, Petitioner *v.* Common-
wealth of Pennsylvania, Unemployment Compen-
sation Board of Review, Respondent.

Submitted on briefs August 26, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Matthew Marion Fondel,* petitioner, for himself.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, November 16, 1987:

Matthew Marion Fondel (Petitioner) appeals from an order of the Unemployment Compensation Board (Board) which affirmed a referee's decision denying benefits to Petitioner for willful misconduct pursuant to section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). We affirm.

Petitioner was employed as an electronics engineer by the Naval Air Development Center (Employer). On May 14, 1986, the Deputy Director for the Center (Petitioner's superior) directed his secretary to arrange a meeting with Petitioner. Petitioner told the Director's secretary that he wanted representation at the meeting. The Director immediately called Petitioner to inform him that the purpose of the meeting was to discuss Petitioner's work product and that he was not entitled to representation. The Director then asked Petitioner to attend, but Petitioner responded by stating "Are you hard of hearing?" and refused to attend. The Director then issued an order to Petitioner to attend, and Petitioner hung up the telephone.

On May 15, 1986, the Director again contacted Petitioner and ordered him to attend the meeting. Petitioner responded with abusive language and hung up the telephone. Shortly thereafter, Petitioner was discharged for refusal to comply with a reasonable order of his superior.[2] Both the referee and the Board denied benefits

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] On a prior occasion, Petitioner was suspended for conduct similar to the conduct for which he was ultimately discharged. He filed for unemployment compensation benefits for the time he was on suspension. Benefits were denied and an appeal from this denial is pending before this court at No. 2529 C.D. 1986.

on the basis of willful misconduct, and this appeal followed.

Petitioner contends that the Board's findings of fact are not supported by substantial evidence in the record. In addition, he contends that the Board may not deny him benefits for willful misconduct because he is a federal employee and because the Board made no finding that his discharge would promote the efficiency of the federal service.

Our scope of review is limited to whether the Board has committed an error of law or violated any constitutional right, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Petitioner initially contends that the Board's findings of fact are not supported by substantial evidence. We disagree.

Petitioner was discharged for failure to obey a reasonable order of his superior to attend a meeting on either May 14 or 15, 1986. This fact derives from a four-page Notice of Proposed Removal entered into evidence without objection at the hearing by Petitioner's Employer. Information in a military document as to the type and nature of a discharge from service constitutes a federal finding which is final and conclusive and beyond the review of this court. *Weight v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 354, 473 A.2d 737 (1984). Moreover, at the hearing, Employer presented the Deputy Director as a witness who testified that on both May 14 and 15, 1986, he had telephoned Petitioner and ordered him to attend a meeting to discuss his work and modus operandi. He testified that Petitioner refused to obey the order and amplified his refusal with the comments "Are you hard of hearing?" and "I've had enough of this s__t."

Petitioner denied making any of the alleged abusive statements and accused the director of being a liar. In addition, Petitioner stated that he agreed to attend the meetings but only with representation.

Questions of credibility are within the exclusive province of the Board and are conclusive upon review to this court. *Davis v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 377, 524 A.2d 1033 (1987). In this matter, the Board chose to believe Employer's version of the events surrounding Petitioner's discharge.

Finally, Petitioner argues that the Board is precluded from denying benefits for willful misconduct because 5 U.S.C. §7513(a) prohibits discharge of federal employees unless such action will promote the efficiency of federal service, and, Petitioner alleges, Employer has made no such showing. This contention is meritless.

5 U.S.C. §7513 provides cause and procedural requirements for disciplinary action against a federal employee in the form of discharge, suspension, or reduction in pay or rank. Under 5 U.S.C. §7513(c), an employee against whom such disciplinary action is taken is entitled to appeal such action to the Merit Systems Protection Board. Thus, any allegation Petitioner may raise as to the propriety of his discharge must be appealed pursuant to 5 U.S.C. §7513(c). With regard to this unemployment compensation appeal, as stated above, findings of fact as to the nature and reason for discharge provided in a military document to the Unemployment Compensation Board of Review are conclusive and unreviewable by this court. *Weight.*

Furthermore, under federal law, the state unemployment compensation authorities are empowered to act as agents of the federal government in providing benefits to eligible federal employees. 5 U.S.C. §8502; *Lenns v. Unemployment Compensation Board of Re-*

*view,* 109 Pa. Commonwealth Ct. 48, 530 A.2d 528 (1987). 5 U.S.C. §8502(b) states, in pertinent part:

[C]ompensation will be paid by the state to a federal employee in the same amount, on the same terms, and *subject to the same conditions* as the compensation which would be payable to him under the unemployment compensation law of the State. . . . (Emphasis added.)

Under Pennsylvania law, an unemployment compensation claimant will be ineligible for benefits if his unemployment is due to his discharge from work for willful misconduct connected with his work. 43 P.S. §802(e). Under 5 U.S.C. §8502(b), this condition applies equally to federal employees. We have already concluded that the Board's decision to deny benefits to Petitioner for willful misconduct is supported by substantial evidence. Accordingly, the order of the Board denying benefits to Petitioner is affirmed.

ORDER

AND NOW, November 16, 1987, the order of the Unemployment Compensation Board of Review is hereby affirmed.