Allen M. Turner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Kathleen R. Mulligan,* with her *Jonathan B. Robison,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

PER CURIAM OPINION, March 29, 1982:

The petitioner, Allen M. Turner, appeals a decision of the Unemployment Compensation Board of Review (Board) adopting a referee's decision to deny him benefits under Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On October 9, 1980, a hearing on the petitioner's benefit eligibility was held before a referee. The petitioner argues, and our close examination of the record discloses, that such hearing was attended solely by the petitioner and that the referee failed to advise him of his right to be represented by counsel, his right to cross-examine, and his right to present witnesses in his own behalf.

We believe that this situation is controlled by *Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981), and our decision in *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981). And, therefore, the Board's order must be reversed and this matter remanded to the Board for a new evidentiary hearing where the petitioner, if uncounseled, shall be notified of his right to counsel, to cross-examine, and to offer witnesses in his behalf.

We will, therefore, reverse the order of the Board and remand this matter to them to hold further proceedings consistent with this opinion.

PER CURIAM ORDER

AND Now, this 29th day of March, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and case is remanded to said Board for further proceedings consistent with this opinion.