Sharon J. Bennett, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

456

*Peter B. Macky*, for petitioner.

*Charles G. Hasson*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, May 12, 1982:

Sharon J. Bennett (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny her benefits under Section 402(b)(1) of the Pennsylvania Compensation Law.[1]

The claimant was last employed by the Stettler Hotel as a bartender and had held that position for seven months. On January 3, 1980, she quit her job and subsequently applied for benefits with the Office of Employment Security (Office), but her application was denied on the basis that she did not establish a necessitous or compelling reason for voluntarily ter-

---

[1] (Act) Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which in pertinent part states that a claimant shall be ineligible for benefits for any week "[in] which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

minating her employment. She appealed this determination and appeared without counsel at a hearing held before a referee where, as in her previous application with the Office, she maintained that she was forced to quit her employment for two reasons: because of problems which the employment caused in her marriage; and, because the bar in which she worked was a "mad house" it being "plain to see that no one bartender could handle it alone" and the other bartender "would just sit there and not help [her]." The referee decided that these reasons were not cause of a necessitous and compelling nature and accordingly denied her application. The Board affirmed without an opinion. We reverse and remand.

Before us the claimant argues that the referee's three findings of fact were insufficient upon which to base his conclusion that benefits be denied. Additionally, she argues that she was not afforded a full and fair hearing inasmuch as the referee failed to assist her in developing relevant and sufficient testimony at the hearing concerning, *inter alia,* alleged sexual harassment by patrons of which her employer was aware but did not remedy, physical abuse, and illegal underage drinking.

The rules of practice and procedure governing hearings before referees in unemployment compensation cases provide at 34 Pa. Code §101.21(a) that:

In any hearing the tribunal may examine the parties and their witnesses. Where a party *is not represented by counsel* the tribunal before whom the hearing is being held should advise him as to his rights, *aid him* in examining and cross-examining witnesses, and *give him every assistance compatible with the impartial discharge of its official duties.* (Emphasis added.)

The referee has a responsibility, therefore, to assist a pro se claimant at a hearing so that the facts of the

case necessary for a decision may be adequately developed to "insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, *thoroughly developed,* entitled the claimant to benefits." *Robinson v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 275, 279, 431 A.2d 378, 380 (1981) (emphasis added). The referee, of course, need not advise a party on evidentiary questions or on specific points of law[2] but must act reasonably in assisting in the development of the *necessary* facts, and any failure to develop an adequate record must be prejudicial to the claimant and not mere harmless error or else a reversal will not be found. *See generally Snow v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981) ; *Robinson.*

Our review of the very sparse record and of the two-page hearing transcript in this case—of which only less than half of a page is germane to the Section of the Act here concerned[3]—reveals that the referee, in addition to not informing this pro se[4] claimant of her right to counsel,[5] to cross-examine, and to offer

---

[2] *DeMeno v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 137, 413 A.2d 796 (1980).

[3] Section 402(b)(1).

[4] The claimant did have the assistance of counsel before this Court.

[5] Normally, such failure by a referee to advise a pro se claimant as to his/her rights would be a basis for a remand. *See Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981) ; *Turner v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 489, 442 A.2d 1212 (1982). In *Peda v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 184, 439 A.2d 888 (1982), we held that a claimant must, at the very *least,* raise the referee's failure to advise him of his rights, at oral arguments before this Court only if it could not have been raised by due diligence below. Here, however, the claimant did not raise such failure before the Board or before this Court in her peti-

witnesses on her behalf, did not ask her questions sufficient to enable her to emphasize the factual aspects of her contentions[6] which might have aided her in establishing a necessitous and compelling cause for her voluntary termination of her employment which would, if proven, allow her to receive benefits. Moreover, we believe that the referee's mode of conducting this hearing caused the hearing to be less than full and fair and did prejudice the rights of this claimant in a manner which was not mere harmless error. *Robinson.*

We will therefore reverse the order of the Board and remand this matter to them for a full and fair hearing consistent with this opinion.

## ORDER

AND Now, this 12th day of May, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and remanded to them for an evidentiary hearing consistent with this opinion.

---

## ORDER

AND Now, this 17th day of May, 1982, footnote five of our opinion filed May 12, 1982, in the above-captioned matter shall be amended to read as follows:

---

tion, briefs, or at oral argument. Inasmuch as it is not jurisdictional or properly raised, we need not consider it but rather will focus on the claimant's argument concerning whether or not the referee discharged his statutory duty to assist the claimant in adequately developing her testimony.

[6] The referee knew or should have known, from the summary of interview from the Office and from testimony given by the claimant at the hearing, that she had reasons *in addition to* her marital problems for quitting (*e.g.*, sexual harrassment, physical abuse, etc.) and should have more *thoroughly* and *reasonably* extracted testimony on these points in the interests of fairness as contemplated by 34 Pa. Code §101.21(a).

[5] We have recognized that such failure by a referee to advise a pro se claimant as to his/her rights would be a basis for a remand. *See Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981); *Turner v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 489, 442 A.2d 1212 (1982).

Judge MENCER did not participate in the decision in this case.