# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J W Green,                                    :
                Petitioner    :
                             :
           v.                              :    No. 844 C.D. 2020
                             :    Submitted:  September 24, 2021
Unemployment Compensation                     :
Board of Review,                              :
                Respondent    :


**BEFORE:  HONORABLE P. KEVIN BROBSON, President Judge**
**               HONORABLE PATRICIA A. McCULLOUGH, Judge**
**               HONORABLE ELLEN CEISLER, Judge**


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY PRESIDENT JUDGE BROBSON**         **FILED:  December 22, 2021**


       J W Green (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), dated August 3, 2020, denying his Request for Reconsideration (Reconsideration Request) of the Board's order, dated July 2, 2020, which affirmed a decision by a Referee, thereby dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  For the following reasons, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).  Section 501(e) of the Law provides:

    (e) Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [Department of Labor and Industry (Department)] . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such

On December 1, 2019, Claimant filed for unemployment compensation benefits after the end of his employment with PeopleReady, Inc. (Employer). (Certified Record (C.R.) at 3, 7.) Based on information provided by Employer, the Altoona UC Service Center (Service Center) mailed a notice of determination to Claimant on January 24, 2020, finding that Claimant's last day of work was December 6, 2019, and that he voluntarily quit for unknown reasons. (*Id*. at 30.) Claimant was, therefore, determined to be ineligible for unemployment compensation benefits under Section 402(b) of the Law,[2] relating to voluntarily leaving work without cause of a necessitous and compelling nature. (*Id*.) The notice provided that February 10, 2020, was the final day to file a timely appeal. (*Id*.) Claimant did not file his appeal of the notice until February 20, 2020, after the statutory appeal period had expired. (*Id*. at 34-38.)

On February 28, 2020, the Board mailed the parties a notice, indicating that a UC Referee would hold a hearing on March 16, 2020, to consider whether Claimant filed a timely appeal of the notice of determination. (*Id*. at 45-48.) The hearing did not take place as scheduled, presumably due to the onset of the COVID-19 pandemic. Instead, the Board mailed the parties a second hearing notice on April 8, 2020, rescheduling the hearing for April 20, 2020, via telephone, and indicating that, in addition to the timeliness issue, the Referee would also consider: (1) whether Claimant's unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature; (2) whether Claimant

---

determination . . . shall be final and compensation shall be paid or denied in accordance therewith.

[2] 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

2

was able and available for suitable work; and (3) whether Claimant's unemployment was due to discharge or temporary suspension from work for willful misconduct connected with employment. (*Id*. at 50-59.) The telephone hearing took place as scheduled on April 20, 2020, during which Claimant testified on his own behalf. (*Id*. at 61-90.) Employer did not participate in the hearing.[3]

On April 27, 2020, the Referee issued a decision, which dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law. (*Id.* at 92-96.) In so doing, the Referee made the following findings of fact:

1. On January 24, 2020, the . . . Service Center mailed a [n]otice of [d]etermination to the claimant's last known mailing address, which found the claimant ineligible [for unemployment compensation benefits] under Section 402(b) of the Law.

2. The [d]etermination contained appeal instructions, which specified the last day to file a timely appeal as February 10, 2020.

3. The claimant received the [d]etermination prior to the appeal expiry period.

4. The claimant did not file an appeal on or before February 10, 2020; however, the claimant filed an appeal by fax on February 20, 2020.

(*Id*. at 92-93.) In concluding that Claimant's appeal was untimely, the Referee first observed that Section 501(e) of the Law provides that a notice of determination becomes final unless an appeal is filed therefrom within fifteen calendar days. (*Id*. at 93.) Further, a referee is without jurisdiction to consider an appeal filed outside of this fifteen-day period, unless the claimant can establish that the late appeal was caused by fraud, a breakdown in the administrative process, or by the

---

[3] The Referee consolidated two appeals filed by Claimant for the purpose of conducting the hearing. The Referee first elicited Claimant's testimony regarding Claimant's appeal of a July 8, 2019 notice of determination, which was designated appeal number 20-09-A-2082, and then used the balance of the hearing to develop the record in the instant appeal, designated appeal number 20-09-D-2365. (C.R. at 61-66.)

3

non-negligent conduct of the claimant or the claimant's representative or attorney. (*Id*.) Moreover, the Referee noted that the law is well settled that an appeal filed beyond the fifteen-day appeal period will not be permitted if the claimant has control over the circumstances resulting in the late appeal. (*Id*.) Here, the Referee determined that competent evidence of record established that Claimant appealed the Service Center's January 24, 2020 notice of determination on February 20, 2020. (*Id*.) Thus, Claimant's appeal was late, and, because he had control over the circumstances that resulted in the late appeal—*i.e.*, "he picked up some side-work and forgot to file the appeal"—the Referee concluded that she lacked jurisdiction to consider Claimant's untimely appeal. (*Id*.)

On May 8, 2020, Claimant, with the assistance of counsel, appealed the Referee's decision to the Board, arguing that Claimant "either submitted his appeal from the . . . Service Center [determination] in a timely manner and/or he was confused and had a legitimate reason for a late appeal submission." (*Id*. at 98-105.) On July 2, 2020, the Board mailed an order adopting and incorporating the Referee's findings of fact and conclusions of law and affirming the Referee's decision. (*Id*. at 112.) The Board reasoned that "[C]laimant's late appeal was caused simply by the fact that he forgot to file the appeal by the deadline." (*Id*.) On July 17, 2020, Claimant submitted the Reconsideration Request of the Board's order,[4] arguing that the Referee did not adequately assist Claimant at the UC hearing. (*Id*. at 121-37.) On August 3, 2020, the Board denied the Reconsideration Request. (*Id*. at 152.) On September 2, 2020, Claimant petitioned this Court for review of the Board's August 3, 2020 order.

---

[4] Claimant did not petition this Court for review of the Board's July 2, 2020 decision on the merits.

4

On appeal, Claimant essentially repeats the issues he raised for the first time in his Reconsideration Request to the Board and argues that the Board erred or abused its discretion in denying his Reconsideration Request, because the evidence shows that the Referee did not adequately assist Claimant at the hearing, where Claimant was unrepresented by counsel. (Claimant's Brief (Br.) at 7.) Specifically, Claimant contends that the Referee erred by not "reaffirming [Claimant's] hearing rights" during the portion of the hearing pertaining to the instant appeal, failing "to explain the issues under appeal" and Claimant's burden of proof, and asking leading questions that confused Claimant. (*Id.*) Claimant submits that the Referee's inadequate assistance requires that he be granted a new hearing. (*Id.* at 8.)

The Board responds that it did not err or abuse its discretion in denying the Reconsideration Request, because Claimant waived the issues set forth in his Reconsideration Request, all of which related to the Referee's conduct. The Board explains that, while Claimant's appeal to the Board clearly challenged the correctness of the Referee's decision dismissing his appeal, he did not, at that time, raise any issues concerning the Referee's conduct at the hearing. (Board Br. at 8.) Thus, according to the Board, Claimant waived any issues related to the Referee's conduct at the hearing when he failed to raise them at the earliest opportunity to do so, which would have been in his appeal to the Board and not in his Reconsideration Request. (*Id.* at 8-9.) Because Claimant waived the only issues raised in support of his Reconsideration Request, the Board concludes that it did not abuse its discretion in denying the Request. (*Id.* at 9.)

In the alternative, the Board argues that, assuming for purposes of argument only that Claimant had properly preserved his due process claims before the Board, Claimant's arguments are without merit because the Referee reasonably assisted him

5

in developing the facts and advised him of his rights and the issues on appeal. (*Id.* at 13-14.)   The Board contends that there is no legal authority supporting Claimant's assertion that, because the hearing involved two separate appeals, the Referee was obligated to twice inform Claimant of his rights.  (*Id.* at 14.)  Moreover, the Board claims that the Referee adequately explained the issues under appeal by clearly articulating that the threshold issue was the timeliness of Claimant's appeal of the January 24, 2020 determination.  (*Id.*)   The Board further argues that the Referee acted properly by informing Claimant that he could not rely on his fiancée or non-record documents during the hearing, as regulations specify that those testifying by telephone may not confer with others or refer to non-record documents. (*Id.* at 15.)  Last, the Board contends that the hearing transcript establishes that the Referee's questioning of Claimant was appropriate and necessary to clarify whether Claimant received the determination before an appeal was due and why Claimant did not timely file his appeal.  (*Id.* at 11-13, 15-16.)  The Board does not directly address Claimant's assertion that the Referee erred by failing to explain to Claimant his burden of proof.

The Board's regulations provide that it may grant a request for reconsideration or rehearing only when there is good cause to do so.  34 Pa. Code § 101.111(b).  In determining if good cause exists, "the Board must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether it failed to consider relevant law."  *Ensle v. Unemployment Comp. Bd. of Rev.*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999).  "Because the decision to grant or deny a request for reconsideration is a matter of administrative discretion, this [C]ourt's . . . review of that decision is limited to determining whether the agency abused its discretion."  *Georgia-Pac. Corp. v. Unemployment Comp. Bd. of Rev.*, 630 A.2d

6

948, 951 (Pa. Cmwlth. 1993). "An abuse of discretion occurs if the [Board's] decision demonstrates evidence of bad faith, fraud, capricious action[,] or abuse of power." *Id.* "The party asserting such abuse of discretion has the burden of proving that it occurred." *Id.*

It is well settled that "issues raised for the first time in a reconsideration request, after the agency has issued its adjudication, cannot be regarded as raising the issues while the matter was before the agency." *Bedford Downs Mgmt. Corp. v. State Harness Racing Comm'n*, 926 A.2d 908, 924 (Pa. 2007). The failure to preserve issues before the Board results in waiver of those issues. *See Merida v. Unemployment Comp. Bd. of Rev.*, 543 A.2d 593, 596 (Pa. Cmwlth. 1988), *appeal dismissed as improvidently granted*, 570 A.2d 1320 (Pa. 1990).

In its brief, the Board cites *Rose v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 145 C.D. 2008, filed September 9, 2008), in support of its argument that Claimant waived his issues relating to the Referee's conduct by raising them for the first time in his Reconsideration Request. Given its similarity to the instant matter, we find *Rose* to be particularly persuasive here.[5] In *Rose*, the claimant, who appeared *pro se* at an unemployment compensation hearing, argued on appeal to this Court that the referee failed to assist him in developing factual evidence helpful to his case in violation of her duty under Section 101.21(a) of the Board's regulations, 34 Pa. Code § 101.21(a).[6] *Rose*, slip op. at 3. Ultimately, we

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court issued after January 15, 2008, while not binding, may be cited for its persuasive value.

[6] 34 Pa. Code § 101.21(a) provides, as follows:

In a hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining

7

held that the claimant waived his challenge to the referee's conduct at the hearing because he raised such challenge for the first time in his request for reconsideration filed with the Board. *Id.*, slip op. at 4. In so holding, we noted that the claimant's "appeal to the Board did not complain about the [r]eferee's conduct at the hearing" and that it was "[n]ot until [the c]laimant requested reconsideration [that he] assert[ed] [that] he should have received assistance from the [r]eferee." *Id.*

Like the claimant in *Rose*, Claimant, here, did not assert in his appeal to the Board his claims regarding the Referee's conduct, but instead argued that "he either submitted his appeal from the . . . Service Center['s] [determination] in a timely manner and/or he was confused and had a legitimate reason for a late appeal submission." (C.R. at 101.) It was not until Claimant submitted his Reconsideration Request that he complained about the Referee's conduct at the hearing. (*Id*. at 121-37.) Consequently, those issues are waived.[7] *See Walker v.*

witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

[7] Even if Claimant's due process arguments were not waived, our disposition would be the same because the Referee adequately assisted Claimant at the hearing. First, the Referee advised Claimant of his rights at the hearing, including the right to be represented by an attorney, the right to present testimony and evidence, the right to present witnesses, and the right to cross-examine the opposing party. (C.R. at 69.) The Referee was not obligated to advise Claimant of these rights twice simply because the hearing involved two appeals. Second, while Claimant maintains that the Referee failed to explain the issues on appeal, this claim is belied by the record. The Referee explained that she would be "taking testimony on the timely filing of the appeal and the separation issue under [Section] 402(b) of the Law." (*Id*. at 82.) Moreover, contrary to Claimant's assertion, the Referee was not required to explain to Claimant that it was his burden to show that he had an adequate excuse for filing his appeal late, as a "referee need not advise an uncounseled claimant on specific evidentiary questions or points of law." *Brennan v. Unemployment Comp. Bd. of Rev*., 487 A.2d 73, 77 (Pa. Cmwlth. 1985). Third, the Referee's conduct at the hearing, including her instructions to Claimant that he was not permitted to confer with his fiancée or consult non-record documents, was not improper. Section 101.131(g)-(h) of the Board's regulations, 34 Pa. Code § 101.131(g)-(h), prohibits a party or witness from giving testimony prompted by a person not identified to the referee or relying on a document that was not distributed to the parties by the

*Unemployment Comp. Bd. of Rev*. (Pa. Cmwlth., No. 1766 C.D. 2015, filed May 12, 2016) (determining that claimant's argument that referee erred in denying her request to call two additional witnesses at hearing was waived on appeal because claimant raised issue for first time in her reconsideration request);[8] *see also* Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a) ("A party who proceeded before a Commonwealth agency . . . may not raise upon appeal any other question not raised before the agency . . . unless allowed by the court upon due cause shown."); *see also* Pa. R.A.P. 1551(a) (providing that, with limited exceptions, "[o]nly questions raised before the government unit shall be heard or considered").

Accordingly, because Claimant has not raised or preserved any other specific claim or provided any argument as to how the Board abused its discretion in denying his Reconsideration Request, we affirm the Board's order denying Claimant's Reconsideration Request.

_____

P. KEVIN BROBSON, President Judge

---

referee. Moreover, the hearing transcript indicates that the Referee's questions were designed to elicit Claimant's version of events regarding the timing of his appeal, and, in this regard, the Referee acted "reasonably in assisting in the development of the necessary facts." *Bennett v. Unemployment Comp. Bd. of Rev*., 445 A.2d 258, 260 (Pa. Cmwlth. 1982) (emphasis omitted).

[8] *Walker* is cited for its persuasive value. *See* 210 Pa. Code § 69.414(a).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

J W Green, :
             Petitioner :
              :
         v. : No. 844 C.D. 2020
              :
Unemployment Compensation :
Board of Review, :
          Respondent :

**O R D E R**

AND NOW, this 22nd day of December, 2021, the Unemployment Compensation Board of Review's denial of J W Green's Request for Reconsideration, dated August 3, 2020, is AFFIRMED.

 

_____
P. KEVIN BROBSON, President Judge